IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHONDA RICHARDSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-1979-M |
| ) | |
| CITY OF CORSICANA and ) | |
| WILLIAM TRENT PARKER, ) | |
|     Defendants. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Background**

Plaintiff filed this complaint for violation of her civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Defendants are the City of Corsicana and Corsicana police officer William Trent Parker ("Parker"). The Court has not issued process pending judicial screening.

Plaintiff states Parker violated her civil rights while he was working as a security guard at her apartment building. Plaintiff states Parker drove up in his vehicle when she was in the apartment parking lot talking with friends. Parker informed her she was in violation of the apartment building curfew rules and that he would be reporting her to the apartment manager. Plaintiff states Parker was driving his private vehicle, but was wearing his police officer uniform. Plaintiff also states she believes the apartment manager gave Parker and other apartment security

guards her name and apartment number. She states Parker should not have been told this information. She further claims that Parker's security report to the apartment manager contained fictitious information.

Plaintiff states she cussed at Parker and he threatened to take her to jail for disorderly conduct. Plaintiff called Officer Kirkwood at the Corsicana Police Department to report Parker's behavior. Plaintiff claims Officer Kirkwood should have filed a complaint against Parker, and that Parker violated her civil rights.

## II.    Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.   Discussion

**1.    42 U.S.C. § 1983**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a

deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff states Parker was working as a security officer for the apartment complex when he told her that she was in violation of the apartment's curfew policy. (Magistrate Judge's Questionnaire, Answer 1A). Plaintiff states she was aware of the apartment curfew, that she had discussed the curfew with the apartment manager and that she filed a complaint about the curfew. (*Id*.) Plaintiff has failed to show that Parker acted under color of state law when he informed her of the apartment curfew, wrote his report to the apartment manager and informed the apartment manager of her curfew violation. These claims should be dismissed.

**2.    Threat**

Plaintiff states Parker threatened to arrest her for disorderly conduct when she cussed at him. Verbal abuse and threats, however, do not give rise to a cause of action under § 1983. *Jackson v. Harris*, 446 Fed. Appx. 668 (5th Cir. 2011) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). These claims should be dismissed.

    **3.**      **Complaint**

Plaintiff claims Officer Kirkwood should have filed a complaint "or something" against Parker after she called to report his behavior. Plaintiff, however, has no constitutional right to an investigation or prosecution of her complaints. Investigations and the prosecution of state and federal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (stating there is no constitutional right to have someone criminally prosecuted); *see also Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827 at *2 (N.D. Tex. Feb. 19, 2010) (citations omitted) (finding there is no constitutional right to an investigation or prosecution.) Plaintiff's claim should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 26th day of June, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).